GLB/CWL 8567-8001 #2141833

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AQUA THICK, INCORPORATED, an Iowa corporation, <br><br>Plaintiff, <br><br>vs. <br><br><br>WILD FLAVORS, INCORPORATED, a Delaware corporation, <br><br>Defendant. <br>_____ <br><br>WILD ASEPTICS, LLC, <br><br>Third Party Plaintiff, <br><br>vs. <br><br>CHARLES E. SIZER, an individual, and CHARLES E. SIZER CONSULTING, LLC an Illinois Limited Liability Company, <br><br>Third-Party Defendants. | Case No. 08 CV 6278 <br>Judge Guzman <br>Magistrate Judge Brown <br><br><br><br><br><br>**TRIAL BY JURY DEMANDED** |

## OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS

Defendant/Third Party , WILD ASEPTICS, LLC, ("WILD"), by its attorneys Kevin G. Owens, Garrett L. Boehm, Jr., and Christopher W. Loweth, responds to Third Party Defendants' motion to dismiss as follows:

WILD relied on Third Party Defendants Dr. Charles A. Sizer and his company, Charles A Sizer Consulting LLC ("Sizer") to act as process authority for the aseptic and non-aseptic filling processes at WILD's plant in Beloit, Wisconsin. As stated in the Third Party Complaint, Sizer

was required to provide the appropriate parameters and specifications for the blending, filling and packing of beverage products at the Beloit facility, including the product at issue in this case.

## I. STANDARD OF REVIEW FOR A MOTION TO DISMISS

Courts in this District have repeatedly emphasized the heavy burden a movant bears on a motion to dismiss:

> A complaint should not be dismissed under a Rule 12(b)(6) motion unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' When reviewing the claims, the court should accept as true all well-pleaded allegations and all reasonable inferences that may be drawn from them. The complaint only needs to state a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). Thus, the allegations in the complaint must give the defendant fair notice of the claim and the "grounds upon which it rests," as well as suggest a right to relief beyond speculation. (citations omitted)

*Klean v. Bd. of Educ. of Proviso Twp. Sch. Dist. No. 209*, 2009 U.S. Dist. LEXIS 70631 (N.D. ll. Aug. 12, 2009) (Guzman J.); *see also Brooks v. Ross*, 2009 U.S. App. LEXIS 18711, ** 16-17 (7th Cir. 2009) (holding that as long as the factual allegations are not "sketchy or implausible", those factual allegations will be accepted as true when assessing whether those allegations provide sufficient notice of claims asserted).

## II. ARGUMENT

Sizer's motion seeks to dismiss WILD's third party complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) (Motion p. 2). The motion faults WILD's third party complaint for failure to plead a breach of contract action, ignoring the fact that all of WILD's third-party claims sound in tort. Instead of inquiring as to whether WILD has plead the requisite elements of duty, breach, causation, and damages for the tort claims alleged, Sizer asserts that WILD "fails to clearly state the parties to the contract, whether it was written or not, the date of its beginning, or any specifics about its terms, including third party defendants' obligations under the agreement, and payments Wild made, and to whom, for the services."

(Mot. p. 4). In pursuing this strategy, Sizer characterizes WILD's complaint as one thing (a breach of contract action) while ignoring the true substance of WILD's claims (negligent misrepresentation, breach of fiduciary duty, and negligence). Sizer's motion must be denied. Under the standards of Rule 12(b)(6), WILD has plead sufficient facts to put Sizer on notice of WILD's claims. These allegations are neither "sketchy" nor "implausible" and allege well-established causes of action.

  A.  <u>Wisconsin Law Applies</u>

Prior to addressing the merits of this motion, the Court is to determine what substantive law applies. In diversity cases, the court applies the choice of law doctrines of the state in which the court sits (in this case Illinois). *See Echo, Inc. v. Whitson Co.*, 52 F.3d 702, 706 (7th Cir. 1995) (citing *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S. Ct. 1020, 85 L. Ed. 1477, (1941)). Illinois has adopted the Restatement (Second) of Conflict of Laws for a choice of law determination. *Townsend v. Sears, Roebuck & Co.*, 227 Ill.2d 147, 155, 879 N.E.2d 893 (Ill. 2007). (Finding that in an action for tort—negligence based on personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties).

Here, the place of injury was Beloit, Wisconsin. The conduct that allegedly caused the injury was performed in Beloit, Wisconsin. Wild Aseptics is located in Beloit, Wisconsin. Third Party Defendants are located in Illinois, but all of the acts complained of occurred in Wisconsin. The center of the relationship is best understood as Beloit, Wisconsin. In particular, Third Party Defendants were on the Wild Aseptics site at the time the product was run on the Wild Aseptics hot fill line in May 2008. WILD contends that Wisconsin law, not Illinois law, applies.

3

However, in either case, the result is the same – WILD has plead causes of action sufficient to survive a motion to dismiss.

Sizer's motion to dismiss does not address this, and instead is based solely on Illinois law. As a preliminary matter, this Court may dispense with Sizer's arguments. However, the issues brought up by Sizer are not unique to Illinois, and under either Illinois or Wisconsin law, WILD has pled sufficient facts to put Sizer on notice of WILD's claims.

B. The *Moorman* Doctrine, Otherwise Known as the Economic Loss Doctrine, Is Inapplicable

Essentially, Sizer's motion is premised on the reasoning of *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 435 N.E.2d 443, 453 (Ill. 1982), which stands for the proposition that a plaintiff cannot recover for solely economic loss under tort theories. Wisconsin law applies the same principle. *See Ins. Co. of N. Am. v. Cease Elec., Inc.*, 2004 WI 139, 276 Wis. 2d 361, 688 N.W.2d 462 (Wis. 2004) (holding that the economic loss doctrine preserves the fundamental distinction between contract and tort and prevents a party to a contract from employing tort remedies to compensate the party for purely economic losses arising from the contract); *see also Grams v. Milk Prods., Inc.*, 2005 WI 112, P3 (Wis. 2005).

Sizer argues that the *Moorman* doctrine bars WILD's negligence claims (which in the instant case are all three causes of action against Sizer). Sizer fails to state (and the motion must fail entirely because of this) that a well-recognized exception to the *Moorman* doctrine exists where the "economic loss is recoverable where. . . one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations." *Moorman,* 435 N.E.2d at 452. To fall within this exception, a plaintiff must demonstrate that: "(1) defendant is in the business of supplying information for the guidance of others in their business dealings; (2) defendant provided information that constitutes a

misrepresentation; and (3) defendant supplied the information for guidance in the plaintiff's business dealings." *Tolan & Son, Inc. v. KLLM Architects, Inc.*, 308 Ill. App. 3d 18, 719 N.E.2d 288, 296 (Ill.App.Ct. 1999); *see also Kikson v. Underwriters Labs.*, 2005 U.S. Dist. LEXIS 6269 (N.D. Ill. Mar. 31, 2005). Wisconsin law is in accord. *See Linden v. Cascade Stone*, 2005 WI 113, P8, 283 Wis. 2d 606, 699 N.W.2d 189 (Wis. 2005); *Roto Zip Tool Corp. v. Design Concepts, Inc.*, 2006 WI App 78 (Wis. Ct. App. 2006) (Court declined to apply the economic loss doctrine is inapplicable where the predominant purpose of the contract was to provide a service), *see also Ins. Co. of N. Am. v. Cease Elec. Inc.*, 2004 WI 139, 276 Wis. 2d 361; 688 N.W.2d 462 (Wis. 2004) (Holding that the economic loss doctrine is inapplicable to claims for the negligent provision of services).

Here, accepting all of the allegations of WILD's complaint as true (as the Court is bound to do when addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the *Moorman* doctrine is clearly excluded. WILD alleges that Sizer is in the business of providing information to others (Complaint at ¶ 36) WILD specifically pleads that "Third Party Defendants represented that the Aqua Thick product was ideal for a minimum sterilization process and an aseptic or hot-filled product. Third Party Defendants further represented that the Aqua Thick product could be successfully run on either the bag-in-box or hot-fill bottle line at the WILD facility." (Complaint at ¶ 45). WILD also pleads that Sizer knew the information would be relied on in WILD's business. (Complaint at ¶ 36.)

As for WILD's other tort claims, where "the defendant owes a duty in tort to prevent precisely the type of harm, economic or not, that occurred," the *Moorman* doctrine does not act as a bar. *See 2314 Lincoln Park West Condo. Ass'n v. Mann, Gin, Ebel & Frazier, Ltd.*, 136 Ill. 2d 302, 555 N.E.2d 346, 352 (Ill. 1990). This logic applies equally to Plaintiff's remaining claims

5

of negligence and breach of fiduciary duty. *Kikson v. Underwriters Labs.*, 2005 U.S. Dist. LEXIS 6269 (N.D. Ill. Mar. 31, 2005).

      C.      Charles E. Sizer Is Liable Since WILD's Actions Sound in Tort

As an initial point, Defendant Charles Sizer seeks to evade liability at the motion to dismiss stage in the litigation by stating that only his company is liable. This argument lacks merit. Notably, the "corporate officer status does not insulate [a corporate officer] from individual liability for the torts of the corporation in which he actively participates." *National Acceptance Co. of America v. Pintura Corp.*, 94 Ill. App. 3d 703, 706, 418 N.E.2d 1114 (Ill.App.Ct. 1981); *see also Madigan v. Tang*, 346 Ill. App. 3d 277, 284, 805 N.E.2d 243 (Ill.App.Ct. 2004) (recognizing that corporate officers and directors can be held liable for tortious acts by the corporation where the officer or director participated in the tortious act). *See also Brew City Redevelopment Group, LLC v. Ferchill Group*, 2006 WI 128, 297 Wis. 2d 606, 724 N.W.2d 879 (Wis. 2006) (holding that under the Wisconsin Limited Liability Act, certain types of conduct are beyond the scope of the duties of managers and members of an LLC).

Here, all three of WILD's causes of action sound in tort. WILD has alleged that Third Party Defendant Charles Sizer acted on behalf of Charles E. Sizer Consulting LLC as the only member (and therefore, managing member) of the LLC. As the managing member, Charles Sizer is liable to same extent as an officer or director of a corporation who participated in a tortious act.

      D.      WILD States a Claim for Negligence

To establish a *prima facie* case for negligence in Illinois, a plaintiff must show (1) the existence of a duty owed by the defendants to the plaintiff, (2) a breach of that duty, and (3) that the plaintiff suffered an injury proximately caused by the defendant's breach. *Ward v. K-Mart Corp.*, 136 Ill.2d 132, 140, 554 N.E.2d 223, 226 (Ill. 1990), *see also Jones v. Coleman Co.*, 1993

U.S. Dist. LEXIS 12738 (N.D. Ill. Sept. 13, 1993). The same standard applies in Wisconsin. *See Coffey v. City of Milwaukee*, 74 Wis. 2d 526, 531, 247 N.W.2d 132 (Wis. 1976); *see also Lambrecht v. Kaczmarczyk* (In re Estate of Kaczmarczyk), 2001 WI 25 (Wis. 2001).

Despite Sizer's claims to the contrary (Mot. p. 6), WILD has plead the requisite elements of a cause of action to survive a motion to dismiss under the notice pleading standards of the Federal Rules of Civil Procedure. WILD has pleaded a duty of care existed as follows:

- Sizer owed WILD a duty to properly formulate an acceptable beverage that could be packaged in WILD's existing facility and that would utilize WILD's hot-fill and aseptic processing systems. (Complaint at ¶ 23).

- Sizer owed WILD a duty to properly supervise, advise, and provide support to manufacture the Aqua-Thick product in a proper manner as part of Sizer's role as Process Authority (Complaint at ¶ 24).

- Because of the pre-existing relations with WILD and Sizer's specialized knowledge, this was a unique duty of care (Compliant at ¶ 23).

In response, Sizer states that these allegations of a duty are "conclusory" and "do not provide a sufficient basis for *any* duty" (Mot. p. 6, emphasis added). Sizer offers no explanation as to why these allegations are insufficient. These allegations are not implausible and put Sizer on notice of Wild's Claims. *See Brooks,* 2009 U.S. App. LEXIS *15. They are neither "abstract recitations of the elements of a cause of action" nor "conclusory legal statements." Instead, they allege specific duties (to supervise, advise, and provide support) in relation to specific tasks (manufacturing the Aqua Thick product at WILD's facilities.) Further, WILD has pled that these duties were breached (Complaint at ¶25), and that damages were suffered (Complaint at ¶ 26). Sizer was in the business of providing accurate information to give WILD the correct information to operate WILD's machinery in connection with the Aqua Thick product. Contamination of the product is exactly the type of injury that Sizer's conduct was intended to prevent. Count I must survive.

E.     WILD States a Claim for Breach of Fiduciary Duty

The elements of a cause of action for breach of fiduciary duty are: (1) a fiduciary duty exists, (2) the fiduciary duty was breached, and (3) such breach proximately caused the injury of which the plaintiff complains. *Neade v. Portes*, 193 Ill. 2d 433, 444, 739 N.E.2d 496, 502 (Ill. 2000), *see also, IBJ Whitehall Bank & Trust Co. v. Cory & Assocs.*, 2001 U.S. Dist. LEXIS 7723 (N.D. Ill. June 1, 2001). Wisconsin law applies the same standard. *Reget v. Paige*, 2001 WI App 73, P12, 242 Wis. 2d 278, 626 N.W.2d 302 (Wis. Ct. App. 2001); *see also Berner Cheese Corp. v. Krug*, 2008 WI 95, P41 (Wis. 2008) ("The elements of a claim for breach of fiduciary duty are: (1) the defendant owed the plaintiff a fiduciary duty; (2) the defendant breached that duty; and (3) the breach of duty caused the plaintiff's damage.").

WILD has plead sufficient allegations to establish a breach of fiduciary duty—WILD pleads that the duty arose based on Sizer's role as the process authority (Complaint at ¶¶ 29-31), that the duty was breached (Complaint at ¶ 32), and as a result of the breach, WILD was damaged because the product that WILD processed and packaged was allegedly contaminated. (Complaint at ¶ 33). As in WILD's negligence claim, this cause of action survives a *Moorman/* Economic Loss Doctrine challenge because Sizer owed a duty in tort to prevent precisely the type of harm, economic or not, that occurred, namely, the contamination of the Aqua Thick product that was blended, packed, and filled according to Sizer's instructions.

F.     WILD States A Claim for Negligent Misrepresentation

In order to establish a cause of action for negligent misrepresentation, a plaintiff must plead: (1) a false statement of material fact, (2) carelessness or negligence in ascertaining the truth of the statement by defendant, (3) an intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statements, (5) damage to the other party resulting from such reliance, and (6) a duty owed by defendant to plaintiff to communicate accurate

8

information. *Rosenstein v. Standard & Poor's Corp.*, 264 Ill. App. 3d 818, 636 N.E.2d 665, 667 (Ill.App.Ct. 1993); *Quinn v. McGraw-Hill Cos.*, 168 F.3d 331, 335 (7th Cir. Ill. 1999). In the context of negligent misrepresentation, a defendant owes a duty to communicate accurate information to a plaintiff if: (i) the use of the information was foreseeable, (ii) the defendant knew the information would be used and relied upon by persons other than those in privity with him, and (iii) the defendant's potential liability is restricted to a comparatively small group. *Kemper/Prime Indus. Partners*, 1998 U.S. Dist. LEXIS 15748, 1998 WL 704049 at *7 (N.D. Ill. 1998); *Fremont Fin. Corp. v. IPC/LEVLY, Inc.*, 994 F. Supp. 2d 988, 992 (N.D. Ill 1998).

As in the other causes of action, Wisconsin law has a similar regime. *See Gorton v. Am. Cyanamid Co.*, 194 Wis. 2d 203, 223, 533 N.W.2d 746 (Wis. 1995) ("The tort of negligent misrepresentation has four elements. They are: (1) a duty of care on the part of the defendant; (2) a breach of that duty, i.e., failure to exercise ordinary care in making the representation or in ascertaining the facts; (3) a causal link between the conduct and the injury; and (4) actual loss or damage as a result of the injury.); *see also Hatleberg v. Norwest Bank Wis.*, 2005 WI 109, P40 (Wis. 2005).

WILD has plead the sufficient facts to survive a motion to dismiss for failure to state a claim—WILD has plead false statement of acts (Complaint at ¶ 45), carelessness in making these misrepresentations (Complaint at ¶ 46), an intent that WILD rely on this statement (Complaint at ¶ 47), reliance on Sizer's advice (Complaint at ¶¶ 39-42), damage to WILD (Complaint at 48), and a duty to communicate correct information (Complaint at ¶ 44). Under the Federal notice pleading standard, these pleadings that are supported by sufficient facts adequately support a cause of action for negligent misrepresentation.

9

### III.  CONCLUSION

In conclusion, for the reasons stated above, Sizer's motion to dismiss must be denied.

Respectfully submitted,

WILD Aseptics, LLC,

Dated: September 1, 2009                    By:     /s/ Christopher W. Loweth
                                                    Christopher W. Loweth
                                                    One of its attorneys

Garrett L. Boehm, Jr.
Christopher W. Loweth
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that on this First Day of September, 2009, he caused to be served true and correct copies of this OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS, by causing copies of the same to be served to the following by operation of the CM/ECF System of the U.S. District Court for the Northern District of Illinois:

Eric F. Greenberg
Eric F. Greenberg, P.C.
70 West Madison Street
Suite 3500
Chicago, Illinois 60602

                                             /s/ Christopher W. Loweth
                                                 Christopher W. Loweth