**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AQUA THICK, INCORPORATED,** an Iowa corporation | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **Case No. 08 C 6278** |
| **WILD FLAVORS, INCORPORATED,** a Delaware corporation | ) ) ) | JUDGE RONALD GUZMAN |
| **Defendants** | ) ) | **Magistrate Judge Brown** |
| **WILD ASEPTICS, LLC,** | ) ) ) | |
| **Third Party Plaintiffs** | ) ) | |
| v. | ) ) | |
| **CHARLES E. SIZER, an individual, and CHARLES E. SIZER CONSULTING, LLC,** an Illinois Limited Liability Company | ) ) ) ) | |
| **Third Party Defendants.** | ) ) | |

# REPLY OF
# CHARLES E. SIZER CONSULTING, LLC
# AND CHARLES E. SIZER
# IN SUPPORT OF THEIR MOTION TO DISMISS

**WILD'S CLAIMS ARE BARRED BY THE ECONOMIC LOSS DOCTRINE**

The Sizer defendants believe the pleading against them should be dismissed for failure

to state a claim under FRCP 12(b)(6).

1

This is a case in which Aqua Thick, Inc. accuses Wild Flavors, Incorporated of incorrectly manufacturing the Aqua Thick beverage product, causing Aqua Thick extensive damages.  See, Complaint of Aqua Thick, Inc.  Wild is in turn attempting to blame Sizer, LLC and Dr. Sizer for its failures, through the Third Party Complaint now in issue.  Wild's third party complaint is essentially an indemnification action by Wild for losses it may suffer in the underlying contract and breach of warranty action, as indicated by the prayer for relief in its pleading.   See, Wild's Third Party Complaint, which was Exhibit A to Aqua Thick Inc.'s present Motion to Dismiss.

The Sizer defendants' present motion pointed to the following four reasons for dismissal:

1.  As to Dr. Sizer individually, Wild's Third Party Complaint should be dismissed because the pleading itself alleges he acted at all times on behalf of the LLC.

2.  As to both third party defendants, because Wild has, in its own pleading, alluded to a contractual relationship between itself and the defendants, its remedy is a cause of action for breach of contract.  Wild's causes for I. Negligence;  II.  Breach of Fiduciary Duty;  and III.  Negligent Misrepresentation should therefore be dismissed as not supported by the alleged facts in light of Wild's own allegations.

2

3.   As to both third party defendants, to the extent the Court considers Wild's pleading to be a contract action, it also should be dismissed for its failure to plead the terms of the contract with specificity.

4.   As to both third party defendants, as all three counts should be dismissed for Wild's failure to plead facts sufficient to give rise to any of the legal duties, other than contractual, that are alleged to exist.

The Sizer defendants agree that Wisconsin law appears to apply in this instance. Echo, Inc., v. Whitson Co., 52 F 3d 702, 706 (7th Cir. 1995), though we believe Illinois case law is instructive.

As explained below, Wild's claims should be barred by the economic loss doctrine, but also should be dismissed as insufficiently pled.

Wisconsin law supports the Sizer defendants, because the Sizer defendants are alleged to have provided services as part of a transaction the essence of which clearly was the manufacture of a product, the bottled beverage Aqua Thick, and in which the Sizer defendants are like subcontractors, alleged to have helped Wild perform its contractual duties to Aqua Thick.

Here, what Wild alleges that the Sizer defendants provided is guidance in the creation of a beverage product, a tangible end product.  Wild alleges that Sizer, LLC and Sizer were to have provided "assistance, supervision and instruction" to Wild regarding the

manufacture of a bottled beverage product, [Third Party Complaint, par. 12] explicitly and only to aid Wild in the manufacture of beverage products. Wild also alleges that Sizer, LLC and Sizer acted as Wild's "Process Authority" with the alleged duty to "supervise and assist in the blending, filling and packing" of the Aqua Thick product. [Third Party Complaint, par. 14].[1]

The allegations Wild makes indicate that the predominant purpose of Sizer, LLC's and Sizer's alleged provision of services here was to assist in a few limited aspects of Wild's proper manufacturing of the product. For that reason, the scenario is analogous to one in which a subcontractor on a construction project who provides services secondary to a contract with a general contractor, as in the Wisconsin Supreme Court's decision in Linden v. Cascade Stone Co., Inc. 2005 WI 113, 699 NW2d 189 (Wis. 2005), in which claims for tort remedies were barred.

The Linden case involved a suit by an aggrieved property owner against its general contractor and the general contractor's subcontractors on a building project. The Linden court determined that the controlling contract for purposes of its analysis was that between the plaintiff homeowner and the general contractor, rather than the contracts between the general contractor and its subcontractors, because such analysis better matched the policy purposes of the economic loss doctrine. The court noted that, "Focusing on the contract for which the purchaser bargained maintains the distinction between tort and contract for the purchaser who is in the best position to bargain for

---

[1] Sizer LLC and Sizer deny Wild's allegations regarding the existence of duties to Wild on their respective parts, though admittedly that is not under consideration for purposes of this motion to dismiss.

coverage of the risk…."  699 NW2d at 195.  The <u>Linden</u> court then examined the contract between the homeowner and the general contractor to determine the predominant purpose of the contract, 699 NW2d at 193, 195, examining the totality of the circumstances, including quantitatively objective and subjective factors, to reach its decision that the contract was primarily for a product, and found tort actions barred.

Similarly here, Wild alleges that the Sizer defendants provided services to aid Wild in manufacturing the bottled beverage product for Aqua Thick. Wild makes no allegation of any kind regarding any remuneration it paid to Sizer, LLC or Sizer regarding this work. The fact that Wild physically created the product does not change the central character of the transaction involved:  The manufacture of a beverage product.

The <u>Linden</u> court explained that the policies behind the Economic Loss Doctrine are:

1)    to maintain the fundamental distinction between tort law and contract law

2)    to protect the "parties' freedom to allocate economic risk by contract"

3)    to encourage the purchaser, as the party "best situated to assess the risk of economic loss, to assume, allocate or insure against that risk"

 699 NW2d at 194,5

Here, Wild alleges that it made a contract with Aqua Thick to make a beverage product for it, and alleges it asked for Sizer LLC's help to fulfill its duties.  That was an exercise

of its "freedom to allocate its risk by contract," in the words of the <u>Linden</u> court. 699 NW2d at 195.

Just because it is Wild (the contractor) that is attempting to add the Sizer defendants (subcontractors) via tort actions, rather than Aqua Thick (the homeowner) bringing actions against the Sizer defendants in tort, should not alter the result. It is still true that the Court should focus on the key contract involved, that between Aqua Thick and Wild for the making of the Aqua Thick beverage product. To allow Wild to use tort to shift its liability to Aqua Thick to its alleged subcontractors would allow it to make and 'end run' around the contract it made with Aqua Thick. 699 NW2d at 195.

It is notable in this connection that Wild is only seeking as damages the same prayer for relief that is in Aqua Thick's breach of contract and warranty action against it, so it's only looking to pass along the contract and warranty breach damages it might be subjected to in Aqua Thick's action. In essence, it's an indemnification action by Wild for losses it may suffer in the underlying contract and breach of warranty action, so the policy considerations are similar to those that would exist if the buyer, Aqua Thick, had tried to sue the third parties in tort for the losses caused by Wild's actions: The central consideration would still be the nature of the contract between the principals, Aqua Thick and Wild.

To the extent that Illinois law elaborating the <u>Moorman</u> doctrine is instructive, we believe it is clear that the bar against recovery of economic loss by way of tort applies.

<u>Fireman's Fund Insurance. v. SEC Donohue, Inc.,</u> 176 Ill 2d 160, 679 N.E2d 1197, 1201 (Ill. 1997).   In that case, the holding was that no tort actions could be maintained against an engineer who provided services, noting specifically that the focus in such analyses should be on the ultimate result of the professional's work.   As alleged in Wild's complaint, the Sizer defendants allegedly were obligated to provide guidance to Wild with respect to the creation of a tangible end-product, namely, the Aqua Thick beverage product.


**EVEN IF NOT BARRED, WILD'S PLEADING IS NOT SUFFICIENTLY SPECIFIC**

Finally, because of the nature of the present action, Wild should be expected to plead with specificity its allegations such as the chores that were Sizer LLC's and Sizer's responsibility; exactly what activities with respect to the manufacturing and operation of Wild's factory Sizer, LLC and Sizer were supposed to have undertaken; and even what went wrong with the product.   But Wild's allegations of Sizer, LLC's duties, the reason they arose, what they involved, and what wasn't done correctly, are simply not detailed. They don't even allege what they contend went wrong with the product. Two of the three allegations of breach in the 3 counts are simply conclusory.   The third offers more words but no more specifics, alleging a failure of "proper" information:

> <u>Count I  Par 25: Negligence</u>: "Third Party Defendants breached these duties."
>
> <u>Count II Par 32:  Breach of Fiduciary Duty</u>: "Third Party Defendants breached this fiduciary duty to WILD as follows: a. upon information and belief, providing a formula that was not properly designed for WILD's

existing facilities and systems; b. upon information and belief, failing to provide proper advice in the blending, filling and packaging of the Aqua Thick Product."

Count III Par 46 Negligent Misrepresentation: "Third Party Defendants carelessly misrepresented that the Aqua Thick product was ideal for a minimum sterilization process and an aseptic or hot-filled product."

Even if these claims are not barred, Wild's imprecise allegations such as this do not even reach the level of notice pleading, and leave the Sizer defendants without sufficient details to answer, but also leaves the Court unable to properly evaluate the complaint for sufficiency under an economic loss doctrine analysis.

RESPECTFULLY SUBMITTED,

Charles E. Sizer Consulting, LLC, now known as Pilot Aseptics, LLC,
and
Charles E. Sizer

By: _____/S/_____

    Eric F. Greenberg
    One of their Attorneys

Eric F. Greenberg
Kerry T. Rost
Eric F. Greenberg P.C.
Suite 3500, 70 West Madison St.
Chicago, IL 60602.4224
312.977.4647
greenberg@efg-law.com

**CERTIFICATE OF SERVICE**

Eric F. Greenberg, an attorney, hereby certifies that he caused the above

**REPLY OF
CHARLES E. SIZER CONSULTING, LLC
AND CHARLES E. SIZER
IN SUPPORT OF THEIR MOTION TO DISMISS**

Christopher Loweth
Garrett Boehm
Kevin G. Owens
Johnson & Bell, Ltd.
Suite 2700
33 West Monroe Street
Chicago, IL 60603

by email and US Mail on September 15, 2009

_____/S/_____