**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AQUA THICK, INCORPORATED, an Iowa corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| WILD FLAVORS, INCORPORATED, a Delaware corporation, | ) ) ) ) | 08 C 6278 |
| Defendant. | ) ) ) | Judge Ronald A. Guzmán |
| WILD ASEPTICS, LLC, | ) ) ) | |
| Third-party plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| CHARLES E. SIZER, an individual, and CHARLES E. SIZER CONSULTING, LLC, an Illinois Limited Liability Company, | ) ) ) ) ) | |
| Third-party defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has sued Wild Aseptics, LLC ("Wild") for breach of contract and warranty arising from its allegedly faulty production of plaintiff's Aqua Thick beverage product. Wild has filed a third-party complaint against Charles E. Sizer and Charles E. Sizer Consulting, LLC, claiming that their negligence was the cause of any problems with the Aqua Thick beverage product Wild produced. The case is before the Court on defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the third-party complaint. For the reasons set forth below, the Court grants in part and denies in part the motion.

## Facts

Defendant Charles E. Sizer Consulting LLC is an Illinois limited liability company. (Third-Party Compl. ¶ 3.) Defendant Charles E. Sizer is an Illinois resident who "at all times" acted on the corporate defendant's behalf. (*Id.* ¶¶ 2, 4.)

In May 2008, Wild hired defendants, who claimed to have specialized knowledge about blending, packaging and quality assurance of hot-fill and aseptic packaged beverage products, to act as Wild's "Process Authority" for its production of plaintiff's Aqua Thick product. (*Id.* ¶¶ 10, 14-15, 29.) In that capacity, defendants, who had previously worked with Wild and were familiar with its facility and operations, "supervise[d] and assist[ed]" Wild in blending and packaging the product at Wild's Beloit, Wisconsin facility. (*Id.* ¶¶ 8-14.) Wild contends that, as a result of defendants' negligence, negligent misrepresentations and breach of fiduciary duties, the Aqua Thick it produced under defendants' supervision was contaminated. (*Id.* ¶¶ 16-20.) Wild seeks to recover from defendants any damages it must pay plaintiff, the unpaid portion of its contract with plaintiff and the costs and fees it incurs in defense of this suit. (*Id.*)

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but plaintiff must make sufficient "[f]actual allegations . . . to raise [her] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (quotation omitted).

Defendants contend that Wild cannot sue Charles Sizer, individually, for the acts of the corporate defendant. Sizer's capacity to be sued is determined "by the law of [his] domicile," *see* Federal Rule of Civil Procedure 17(b), which is Illinois. (Third-Party Compl. ¶ 2.) The Illinois Limited Liability Act states that:

> the debts, obligations, and liabilities of a limited liability company, whether arising in contract [or] tort . . . are solely the debts, obligations, and liabilities of the company. A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager.

805 Ill. Comp. Stat. 180/10-10(a). Notwithstanding that language, Wild contends that Sizer, as the managing member of the corporate defendant, "is liable to the same extent as an officer or director of a corporation who participated in the tortious act." (Opp'n Third-Party Defs.' Mot. Dismiss 6.)

That was true under the original version of Illinois Limited Liability Act, which made a managing member personally liable for the company's acts "'to the extent that a director of an Illinois business corporation is liable in analogous circumstances under Illinois law.'" *See Puleo v. Topel*, 856 N.E.2d 1152, 1157 (Ill. App. Ct. 2006) (quoting 805 Ill. Comp. Stat. 180/10-10 (West 1996)). However, in 1998, the Legislature amended the Act to its current form, which explicitly states that members and managers are not liable for corporate torts unless "a provision to that effect is contained in the articles of organization" and "a member so liable has consented in writing to the adoption of the provision or to be bound by the provision." 805 Ill. Comp. Stat. 180/10-10(a)-(d). In the *Puleo* court's view, that amendment:

> clearly removed the provision that allowed a member or manager of an LLC to be held personally liable in the same manner as provided in section 3.20 of the Business Corporation Act. Thus, the Act does not provide for a member or manager's personal liability to a third party for an LLC's debts and liabilities, and no rule of construction authorizes this court to declare that the legislature did not mean what the plain language of the statute imports.

*Id.* at 1158 (citations omitted).

The state supreme court has yet to weigh in on the proper interpretation of this section of the statute. But, given the statute's plain language and history, that court is likely to adopt the interpretation set forth in *Puleo*, and this Court does as well. Unless the articles of organization state otherwise, and Wild has not alleged that they do, Sizer cannot be sued individually for the corporate defendant's torts. Thus, the Court dismisses without prejudice the claims Wild asserts against him.

The corporate defendant argues that Wild's claims against it must be dismissed as well because they are barred by Wisconsin's economic loss doctrine.[1] That doctrine bars a buyer of commercial goods from suing the seller in tort to recover for loss caused by the product's "inferior . . . quality" or failure to "work for the general purposes for which it was manufactured and sold." *Ins. Co. of Am. v. Cease Elec., Inc.*, 688 N.W.2d 462, 467 (Wis. 2004) (quotations omitted). But it "does not apply to contracts for services," *id.* at 464, which is what the corporate defendant had with Wild. (*See* Sizer Defs.' Reply Supp. Mot. Dismiss at 3-4.)

Nonetheless, the corporate defendant argues that the doctrine applies because it provided services to Wild in the context of Wild's sale of a product to plaintiff, citing *Linden v. Cascade Stone Co., Inc.*, 699 N.W.2d 189 (Wis. 2005) as support. The plaintiffs in *Linden* hired a general contractor to build them a house. *Id.* at 191. The general contractor, in turn, hired various subcontractors to do portions of work on the house. *Id.* Subsequently, the homeowners sued both the general contractor and the subcontractors alleging that their negligent work caused the house to sustain water damage. *Id.* at 191-92. The trial court held that the homeowners' tort claims against the subcontractors were barred by the economic loss doctrine, a decision the appellate court affirmed. *Id.* at 192.

On appeal to the supreme court, the homeowners argued that, for purposes of the economic loss doctrine, the services contracts between the subcontractors and the general contractor, rather than their

---

[1]The parties agree that Wisconsin law governs these claims. (*See* Wild's Opp'n Third-Party Defs.' Mot. Dismiss at 3; Sizer Defs.' Reply Supp. Mot. Dismiss at 3.)

home purchase contract with the general contractor, controlled. *Id.* at 194. The supreme court disagreed:

> [E]xamining the service subcontracts rather than the Lindens' contract with the general contractor . . . would allow the Lindens to make an end run around the contract for which [they and the general contractor] bargained. . . . Focusing on the contract for which the purchaser bargained maintains the distinction between tort and contract for the purchaser who is in the best position to bargain for coverage of the risk of faulty workmanship in any part of the house. The Lindens did exactly that here. They had contractual remedies against [the general contractor], who in turn, had its own remedies against the subcontractors. We . . . agree with the court of appeals that "[a]t its core, the Lindens' complaint is that the house they received is not the house for which they contracted."

*Id.* at 195.

The corporate defendant contends that it is in the same position here as the subcontractors in *Linden* because Wild used its services to produce a product for plaintiff. But there is a critical difference between the two cases. The tort claims in *Linden* were asserted by the buyers, *i.e.*, the homeowners, against parties who contracted with and provided services to the seller, *i.e.*, the general contractor, but had no contract with the buyers. Here, the tort claims are asserted by the seller against a party who contracted with and provided services to it. As a result, the logic of *Linden*, that a buyer's remedies for defective goods are governed by its contract with the seller, has no application here. Thus, the economic loss doctrine provides no basis for dismissing Wild's claims against the corporate defendant.

Alternatively, the corporate defendant says Wild's claims should be dismissed because they are inadequately pleaded. To state a claim for negligence or breach of fiduciary duty under Wisconsin law, Wild must allege that the corporate defendant owed it a duty of care or a fiduciary duty, defendant breached that duty and Wild was damaged as a result. *Nichols v. Progressive N. Ins. Co.*, 746 N.W.2d 220, 225 (Wis. 2008) (negligence); *Yates v. Holt-Smith*, 768 N.W.2d 213, 219 (Wis. App. Ct. 2009) (breach of fiduciary duty); *see Rolph v. EBI Cos.*, 464 N.W.2d 667, 672 (Wis. 1991) (stating that a

defendant has a duty of care if "it was foreseeable that his act or omission . . . [might] cause harm" to another (quotation omitted)); *Prod. Credit Ass'n of Lancaster v. Croft*, 423 N.W.2d 544, 546 (Wis. App. Ct. 1988) (stating that a fiduciary duty can arise from a contract or be implied from the parties' inequality with respect to the relevant transaction). To state a claim for negligent misrepresentation, Wild must allege that the corporate defendant had a duty of care in presenting a fact to Wild, defendant breached that duty by misrepresenting a fact and Wild detrimentally relied on the misrepresentation. *Malzewski v. Rapkin*, 723 N.W.2d 156, 163 (Wis. App. Ct. 2006). Wild has sufficiently alleged all of the elements of these claims. (*See* Third-Party Compl. ¶¶ 8-12, 14-19, 22-27, 29-34, 36-48.) The Court, therefore, denies, the corporate defendant's motion to dismiss them.

## **Conclusion**

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss the third-party complaint [doc. no. 28] and dismisses without prejudice the claims Wild

6

asserts against Charles E. Sizer, individually. In all other respects, the motion is denied. Wild has fourteen days to amend its claims against Charles E. Sizer, individually, if it determines that amendment is factually and legally appropriate. If plaintiff does not amend them within that period, its claims against Charles E. Sizer, individually, will be dismissed with prejudice.

**SO ORDERED.**                                                                    **ENTERED:**

**December 1, 2009**

_____
**RONALD A. GUZMAN**
**United States District Judge**